IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CASE NO: |
| | : 7:23-CR-16-WLS-TQL-01 |
| TIMOTHY MICHAEL WOOD, | : |
| | : |
| Defendant. | : |
| _____ | : |

**ORDER**

Before the Court is correspondence from Defendant Timothy Michael Wood requesting that the Court appoint new counsel to represent him going forward in his case (Doc. 62). The correspondence will be treated by the Court as a Motion to Appoint New Counsel and such motion will be set for hearing by separate order.

A Notice of Pretrial Conference was docketed on April 1, 2024, setting a pretrial conference for April 16, 2024, and scheduling the trial of this case for the Court's Valdosta Trial Term beginning May 6, 2024.[1] In order for the Court to set a hearing on and consider the Defendant's Motion to Appoint New Counsel, the Court *sua sponte* finds that it is necessary to continue this matter from Judge Lawson's April 2024 Valdosta Trial Term to Judge Sands' Valdosta Trial Term beginning May 6, 2024.

Defendant was indicted on February 15, 2023. The indictment charges Defendant with Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii); Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(a). Defendant made his initial appearance and entered a plea of not guilty on March 9, 2023. Defendant consented to detention pending trial.

---

[1] On March 28, 2024, this matter was transferred from Judge Hugh Lawson to Judge Louis Sands, the undersigned.

1

This Speedy Trial Act deadline in this case was first extended on motion of the Government to the Court's Valdosta Division term beginning July 17, 2023. *See* 18 U.S.C. § 3161. (Docs. 36, 37). Any delay occasioned by the extension was deemed excludable from the time within which trial must occur. *See* 18 U.S.C. § 3161(h)(7)(A), (B)(i) (B)(iv). The Court granted a second continuance from the July 2023 term of Court to the October 2023 term of Court to allow Defendant additional time to review discovery and to conduct any necessary investigation, file any pertinent motions, engage in meaningful plea negotiations, or otherwise to prepare for trial. (Doc. 41). The Court granted additional unopposed motions to continue the trial through the Court's January 2024 trial term (Doc. 48), and then through the Court's April 2024 trial term (Doc 59), for the reasons stated in the respective orders. Delays occasioned by the extensions in Orders (Docs. 41, 48, 59) were excluded from the Speedy Trial calculations on the bases stated in the respective orders. The Court now finds that an additional extension is necessary for the Court to consider Defendant's Motion to Appoint New Counsel. Further, if the Court finds that appointment of new counsel is warranted, such counsel will require time to review Defendant's file to prepare for representation of Defendant.

Upon complete review of this case, the Court finds, *sua sponte*, that the ends of justice will be served by continuing the trial of this matter and that such continuance outweighs the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B).

Accordingly, the Court hereby **ORDERS** that:

1. On or before **Friday, April 5, 2024**, Defendant's Counsel shall confer with Defendant, and:

    a. If the issues as to Counsel's representation are fully resolved and with the consent of Defendant, Counsel shall file a withdrawal of the Motion to Appoint New Counsel, or

    b. File an appropriate motion on behalf of the Defendant with respect to Counsel's withdrawal; and

    c. To the extent necessary, Defendant's Counsel may file the above document(s) under seal pursuant to this Order.

2.     If the Motion to Appoint Counsel is not withdrawn, a hearing on such motion will be held on **Tuesday, April 16, 2024**, immediately prior to the pretrial conference.

3.     The trial in the above-referenced matter is **CONTINUED** to the Valdosta Division, May 2024 term and its conclusion, or as may otherwise be ordered by the Court.

4.     The time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(1)(D), (H) for any delay resulting from the Motion to Appoint New Counsel, starting with the date of filing such motion through the conclusion of the hearing on, or other prompt disposition of such motion and/or for a period of no more than thirty (30) days after the Motion to Appoint New Counsel is actually under advisement by the Court.

5.     Furthermore, the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and/or (b) would deny Counsel for the Parties the reasonable time necessary, in the exercise of due diligence, to consider the effect of the Court's decision on the Motion to Appoint New Counsel on their respective client and to engage in further negotiations, if desired, or effectively prepare for trial.  *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 1st day of April 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3